IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALFRED J. LUCIANO *et al.*,<br><br>Defendant. | MJ 25–12–M–DLC<br><br><br><br>ORDER |

Before the Court is a Motion to Unseal filed by non-party Matthew D. Henry seeking disclosure of sealed documents related to the nine defendants in case number CR 91–1–M–CCL. (Doc. 1.) Mr. Henry specifically requests that this Court unseal the Presentence Investigation Report ("PSR") for Defendant Edwin Elgersma, the Hidden Cove Partnership, and any additional sealed documents. (*Id.* at 1–2.) In the alternative, Mr. Henry requests that the Court conduct an in-camera review to determine whether redaction will allow for public release. (*Id.*) The Motion will be denied.

Federal courts have historically recognized a general right to inspect and copy public records and documents. *Kamakana v. Cty. and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, "access to judicial records is not absolute." *Id*.

1

Federal PSRs are prepared by federal probation officers as a requirement of all federal criminal cases. Fed. R. Crim. P. 32(c)–(d). "[B]ecause the presentence report and related documents are court records, the disclosure of which to third parties is not expressly provided for by any statute, control of these documents rests within the discretion of the district court." *United States v. Schlette*, 842 F.2d 1574, 1577 (9th Cir. 1988). Courts are reluctant to give third parties access to PSRs prepared for another individual. *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988).

Federal Rule of Criminal Procedure 32(c)(3)(A) does not address release of PSRs to third parties. Thus, courts have found that disclosure to a third party is appropriate if "necessary to serve the ends of justice." *Berry v. Dep't of Justice of Justice*, 733 F.2d 1343, 1352 (9th Cir. 1984). "When called upon to balance the desirability for confidentiality against the need of the moving party for disclosure, a strong presumption in favor of confidentiality has been established by the courts." *Schlette*, 842 F.2d at 1579.

In *Schlette*, the Ninth Circuit articulated a two-part test to determine whether to permit disclosure of a PSR to a third party. *Id.* at 1581. First, the third party must make a threshold showing that disclosure will serve the ends of justice. *Id.* When that showing is made, the court "balance[s] the need for disclosure against the

2

reasons for confidentiality." *Id.* The need for disclosure "must be assessed on a case-by-case basis." *Schlette*, 842 F.2d at 1583.

Here, Mr. Henry seeks disclosure of Defendant Elgersma's PSR, arguing that federal courts recognize a general right to inspect and copy public records and documents, including judicial records. (Doc. 1) (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9 (1986); *Kamakana*, 447 F.3d at 1178. Mr. Henry's argument that court records are, in general, subject to disclosure fails to demonstrate that disclosure in this instance will serve the ends of justice. *Cf. Schlette*, 842 F.2d at 1583 (making the public aware of how the criminal justice system works serves the ends of justice). Even if Mr. Henry were to have made this showing—which the Court finds that he has not—Mr. Henry fails to articulate any basis ostensibly supportive of his need for the document.

Mr. Henry also seeks disclosure of a document titled "Hidden Cove Partnership Agreement." After a review of the docket, it appears that the Hidden Cove Partnership Agreement was filed in compliance with the Court's March 21, 1991 Order, which extended the time required for Defendant Alfred J. Luciano to comply with the Court's property bond requirement. (Doc. 39.)

"[T]he strong presumption of access to judicial records applies fully to dispositive pleadings[.]" *Kamakana*, 447 F.3d at 1179. However, "[t]he public policies that support the right of access to dispositive motions, and related

materials, do not apply with equal force to non-dispositive materials." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2022). The public has less of a need to documents attached to non-dispositive motions because such documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1135 (9th Cir. 2022) (citation omitted). "If the records are only tangentially related to the merits, the party seeking to seal the records need only show good cause[.]" *United States v. Lopez*, 2023 WL 8543595, at *1 (W.D. Wash. Dec. 11, 2023).

Because the Hidden Cove Partnership Agreement was filed in compliance with Luciano's bond requirement, and not as part of a dispositive motion, the Court need only find good cause to maintain the document's seal. The presiding court had already determined it necessary to protect that information from the public, and this Court will not disturb that ruling. Protecting the sensitive partnership and financial information contained in the Hidden Cove Partnership Agreement outweighs any public interest in disclosure, and the Court finds good cause to continue the seal.

Finally, the Court declines to issue a blanket order unsealing unidentified documents in the record. Should Mr. Henry seek disclosure of additional documents, he may identify the document sought and make the appropriate request with this Court.

Accordingly, IT IS ORDERED that the Motion (Doc. 1) is DENIED as to all Defendants.

DATED this 14th day of March, 2025.

_____
Dana L. Christensen, District Judge
United States District Court